[No. 10,352.]

# THE PEOPLE *v.* GEO. T. BELL AND HENRY BELL.

IMPEACHING WITNESS.—If a question is put to a witness which is collateral or irrelevant to the issue, his answer cannot be contradicted by the party who asked the question, but is conclusive against him.

APPEAL from the District Court of the Thirteenth Judicial District, Merced County.

The defendant was convicted of the crime of murder, and appealed. The other facts are stated in the opinion.

*D. S. Terry* and *Frank H. Farrar* for Appellant.

*Attorney-General Hamilton* for the People.

By the COURT:

The defendant was examined as a witness on his own behalf, and on his cross-examination by the prosecution testified that the deceased, on the occasion of the quarrel which resulted in his death, called the defendant and his brother " damned sons of bitches." The witness further testified: " That is not the first time I ever heard him use that kind of language. Have heard him use it frequently. I do n't know as he was a practical swearer. He was a profane swearer."

The prosecution called several witnesses in rebuttal, who were permitted to testify, against the objection of the defendant, that they were intimately acquainted with the deceased in his lifetime, and that he was not a profane swearer, and that they had never heard him use profane language. The defendant excepted to the ruling of the Court in admitting this evidence, and we think the exception was well taken. Whether or not the deceased was a profane swearer, or in the habit of using profane language, was a purely collateral matter, having no reference whatever to the guilt or innocence of the defendant. The first evidence on that point was brought out by the prosecution on the cross-examination of the defendant, and in such cases the rule is: " That if a question is put to a witness which

is collateral or irrelevant to the issue, his answer cannot be contradicted by the party who asked the question, but is conclusive against him." The case of *People* v. *McKeller,* (*ante. p.* 65) is decisive of the point. See also 1 Greenl. Ev., sec. 449. The evidence in rebuttal could have been introduced for no other purpose than to impeach the defendant as a witness, and we cannot say that it did not prejudice his case before the jury.

Judgment and order reversed, and cause remanded for a new trial.